IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AKHIKPEMEL BRAIMAH, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3373 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | and |
| ROBERT HOUSTON[1], | ) | PROGRESSION ORDER |
| | ) | (Habeas Corpus) |
| Respondent. | ) | |

This matter is before the court on the following pending motions: filing nos. 22 and 28, the parties' Motions to Substitute respondent; filing nos. 31 and 36, the petitioner's Motions for Discovery; and filing no. 32, the respondent's Motion to Strike Motion for Discovery. As an initial matter, filing nos. 22 and 28 are denied as moot, and Robert Houston, the present Director of the Nebraska Department of Correctional Services, is substituted as the respondent in this action.

## § 2254 Claims

In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), the petitioner, Akhikpemel Braimah, a native of Nigeria, alleges violations of his civil rights in connection with his conviction in the District Court of Douglas County, Nebraska, on or about March 10, 2003, for sexual assault on a child and child abuse. The petitioner alleges the following § 2254 claims:

Claim No. 1: Violation of his right to consular access;

Claim No. 2: Identification tainted by impermissibly suggestive lineup;

Claim No. 3: Confession obtained in violation of privilege against self-incrimination;

Claim No. 4: Plain error by the trial court in denial of second competency hearing.

The § 2254 claims refer to "attached sheets," but no sheets are attached to the § 2254 petition. However, in support of his claims, the petitioner has filed an Affidavit and

---

[1] The court, sua sponte, substitutes Robert Houston for Harold W. Clarke as the plaintiff's custodian. The Clerk of Court shall modify the court's records accordingly.

Brief (filing nos. 8 and 9) in which he adds the following claims:

    Claim No. 5:  Ineffective assistance of trial counsel - failure to investigate;

    Claim No. 6:  Ineffective assistance of trial counsel - failure to inform petitioner as to rights he would be waiving by pleading no contest;

    Claim No. 7:  Ineffective assistance of trial counsel - failure to inform the trial court of the petitioner's diminished state of mind;

    Claim No. 8:  Ineffective assistance of trial counsel - failure to prepare any defense;

    Claim No. 9:  Ineffective assistance of trial counsel - failure to assert insanity defense;

    Claim No.10:  Prosecutorial failure to prove child abuse beyond a reasonable doubt;

    Claim No. 11: Ineffective assistance of trial counsel - failure to assist petitioner in obtaining an interpreter.

In his Answer (filing no. 20) to the § 2254 Petition, the respondent points out that the petitioner was convicted upon a plea of no contest to each charge, and that the petitioner thereby waived some of his § 2254 claims. The respondent also alleges that many of the petitioner's § 2254 claims are procedurally defaulted. The petitioner has filed a Traverse (filing no. 21) to the Answer.

## Affirmative Defense - Waiver

"The general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea." Ramdass v. Angelone, 530 U.S. 156, 167 (2000) (citation omitted). "[W]hen a criminal defendant enters a guilty plea, 'he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.'... Rather, a person complaining of such 'antecedent constitutional violations,' ... is limited in a federal habeas corpus proceeding to attacks on the voluntary and intelligent nature of the guilty plea, through proof that the advice received from counsel was not 'within the range of competence demanded of attorneys in criminal cases.'" Blackledge v. Perry, 417 U.S. 21, 29-30 (1974) (citations omitted).

The respondent contends that the petitioner's plea was valid, and so the petitioner waived the following § 2254 claims:

Claim No. 1:  Violation of right to consular access;

Claim No. 2:  Identification tainted by impermissibly suggestive lineup;

Claim No. 3:  Confession obtained in violation of privilege against self-incrimination;

Claim No.10:  Prosecutorial failure to prove child abuse beyond a reasonable doubt (in that the prosecutor established a factual basis for the petitioner's no contest pleas at the plea hearing).

The respondent also asserts that the petitioner's Claim No. 6: Ineffective assistance of trial counsel - failure to inform petitioner as to rights he would be waiving by pleading no contest, is without merit because the trial court advised the petitioner of his rights during the plea hearing.

## Affirmative Defense - Procedural Default

The petitioner did not file a direct appeal from his conviction and sentence. Subsequently he filed a motion for postconviction review and appealed the denial of postconviction relief.  The respondent contends that all but one of the petitioner's § 2254 claims are procedurally defaulted, as follows:

Claim No. 1:  Violation of right to consular access - not raised in petition for further review to Nebraska Supreme Court;

Claim No. 2:  Identification tainted by impermissibly suggestive lineup - not raised in petition for further review to Nebraska Supreme Court;

Claim No. 3:  Confession obtained in violation of privilege against self-incrimination - not raised in petition for further review to Nebraska Supreme Court;

Claim No. 5:  Ineffective assistance of trial counsel - failure to investigate - not raised in petition for further review to Nebraska Supreme Court;

Claim No. 6:  Ineffective assistance of trial counsel - failure to inform petitioner as to rights he would be waiving by pleading no contest - not raised in petition for further review to Nebraska Supreme Court;

Claim No. 7:  Ineffective assistance of trial counsel - failure to inform the trial court of the petitioner's diminished state of mind - not raised in petition for further review to Nebraska Supreme Court;

  Claim No. 8: Ineffective assistance of trial counsel - failure to prepare any defense - not raised in petition for further review to Nebraska Supreme Court;

  Claim No. 9: Ineffective assistance of trial counsel - failure to assert insanity defense - not raised in petition for further review to Nebraska Supreme Court;

  Claim No.10: Prosecutorial failure to prove child abuse beyond a reasonable doubt - not raised in petition for further review to Nebraska Supreme Court; and

  Claim No.11: Ineffective assistance of trial counsel - failure to assist petitioner in obtaining an interpreter - raised on appeal but not first presented to the district court in the petitioner's postconviction motion.

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the United States Supreme Court explained the habeas exhaustion requirement as follows: "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts ... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before filing for federal habeas relief. Id. at 845. Exhaustion requires that a prisoner "fairly present" the substance of each federal constitutional claim to the state courts before seeking federal habeas relief. Id. at 844.

In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. See Akins v. Kenney, 410 F.3d 451, 454 (8th Cir. 2005).

### Cause and Prejudice to Excuse Procedural Default

The petitioner will be given an opportunity to contest the respondent's affirmative defenses of waiver and procedural default and to try to make a showing of cause and prejudice to excuse any procedural default. Although the Supreme Court has "not identified with precision exactly what constitutes 'cause' to excuse a procedural default, [the Court has] acknowledged that in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice .... Not just any deficiency in counsel's performance will do, however; the assistance must have been so ineffective

4

as to violate the Federal Constitution." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). However, a federal habeas court is barred from considering an ineffective-assistance-of-counsel claim as "cause" for the procedural default of another claim when the ineffective-assistance claim has itself been inexcusably procedurally defaulted. Id.[2]

Other than ineffective assistance of counsel, "cause" to excuse a procedural default must be based on an objective impediment external to the defense. See, e.g., Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999): "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, ... or that 'some interference by officials,' ... made compliance impracticable, would constitute cause under this standard."

On the meaning of "fundamental miscarriage of justice," see, e.g., Bousley v. United States, 523 U.S. 614, 623 (1998): "Petitioner's claim may still be reviewed in [a] collateral proceeding if he can establish that the constitutional error in his [state proceeding] 'has probably resulted in the conviction of one who is actually innocent.'... To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Id., *citing* Schlup v. Delo, 513 U.S. 298, 327-28, (1995) (internal quotation marks omitted). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. However, no claim of factual innocence may be considered

---

[2] See also Taylor v. Bowersox, 329 F.3d 963, 971 (8th Cir. 2003): "If a procedural default is the result of ineffective assistance of trial or direct appeal counsel, in a matter external to the defense and imputed to the state, the Sixth Amendment requires that the default be excused. Murray v. Carrier, 477 U.S. 478, 488 ... (1986). In such an instance, constitutionally deficient performance of appellate counsel is 'cause' to forgive a procedural default. Id. But the exhaustion doctrine requires that a claim for ineffective assistance of counsel be initially 'presented to the state courts as an independent claim before it may be used to establish cause for a procedural default' in a federal habeas proceeding."

5

before any other basis for relief. See Dretke v. Haley, 541 U.S. 386, 393-94 (2004): "[A] federal court faced with allegations of actual innocence, whether of the sentence or of the crime charged, must first address all nondefaulted claims for comparable relief and other grounds for cause to excuse the procedural default."

### Motions for Discovery

In filing nos. 31 and 36, the petitioner seeks to discover all evidence available to the prosecution to prove its case against him and all potentially exculpatory evidence to which he would have been entitled if he had proceeded to trial. However, because the respondent's affirmative defenses of waiver and procedural default are potentially dispositive of all of the § 2254 claims in this case except the petitioner's Claim No. 4, the petitioner's Motions for Discovery are premature and will be denied at this time. Instead, I will direct the parties to submit briefs addressing the issues of waiver, procedural default, cause and prejudice to excuse any procedural default, and the merits of the petitioner's Claim No. 4: Plain error by the trial court in denial of second competency hearing. After the court's resolution of the respondent's affirmative defenses and the merits of the petitioner's Claim No. 4, if there remain § 2254 claims to address, the petitioner may reassert a motion for discovery or to expand the record, if appropriate.

IT IS THEREFORE ORDERED:

1. That filing nos. 22 and 28 are denied as moot, and Robert Houston, the present Director of the Nebraska Department of Correctional Services, is substituted as the respondent in this action; the Clerk of Court shall modify the court's records accordingly;

2. That filing nos. 31 and 36, the petitioner's Motions for Discovery, are denied as premature;

3. That filing no. 32, the respondent's Motion to Strike Motion for Discovery, is construed as a motion to deny discovery at this time, and, as such, is granted, without prejudice to the petitioner's right to reassert a motion for discovery or to expand the record, if appropriate, after the court's resolution of the respondent's affirmative defenses;

4. That by March 30, 2006, each party shall file a brief addressing any or all of the issues discussed above, i.e., waiver, procedural default, cause and prejudice to excuse procedural default, and the merits of the petitioner's Claim No. 4;

5. That by April 28, 2006, each party shall file a brief in response to the other party's brief;

6. That the respondent shall file and serve on the petitioner all state court opinions, orders, briefs and records in the respondent's possession relating to this case except for those previously filed with this court.

February 13, 2006.	BY THE COURT:

/s *Richard G. Kopf*
United States District Judge